IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANITA FRANTZ., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 1:10-CV-059 (WLS) |
| | : |
| MICHAEL J. ASTRUE, *Commissioner of Social Security*, | : |
| | : |
| Defendant. | : |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed September 2, 2011. (Doc. 18). It is recommended that the Social Security Commissioner's final decision be affirmed.[1] (Id.) Plaintiff timely filed an Objection, which challenges the Recommendation for its alleged engagement in, among other things, improper fact finding and erroneous conclusions. (Doc. 19). On these grounds, Plaintiff requests reversal and remand. (Id.)

**DISCUSSION**

I.   **Standard of Review for Social Security Appeals**

"[T]he federal courts' "'review of the [ALJ's] decision is limited to an inquiry into whether there is substantial evidence to support [its] findings . . . and whether the correct legal standards were applied.'" Powell v. Astrue, 250 Fed. App'x 960, 962 (11th Cir. 2007) (quoting Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002)).  This is a "highly deferential standard of review." Id. at 963.  The Court is forbidden from reweighing the evidence or

---

[1] Pursuant to the Appeals Council's denial of Plaintiff's request for review, the Administrative Law Judge's August 27, 2008 decision, which determined that Plaintiff was not disabled, became the final decision of the Commissioner of the Social Security Administration. (Doc. 10 at 9-11).

1

substituting its judgment for that of the ALJ. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). "Even if the evidence preponderates against the Commissioner's findings, [the court] must affirm if the decision reached is supported by substantial evidence." Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.

"[T]he ALJ's failure [to specifically address evidence] only constitutes reversible error if it created an evidentiary gap that caused unfairness or clear prejudice." Caldwell v. Barnhart, 261 Fed. App'x 188, 190 (11th Cir. 2008) (citing Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995)); see also Dyer, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995)) "[T]he ALJ's decision [simply] . . . [can]not [be] a broad rejection[,] which is 'not enough to enable this Court to conclude that the ALJ considered [the claimant's] medical conditions as a whole.'").

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do past relevant work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . . " 42 U.S.C. § 423(d)(2)(A). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A). Both the "impairment" and the "inability" must be expected to last not less than 12 months. Barnhart v. Walton, 535 U.S. 212, 122 S.Ct. 1265, 1272 (2002).

The Commissioner analyzes a claim in five steps. 20 C.F.R. § 404.1520(a)-(f):

1. Is the individual currently engaged in substantial gainful activity?

    2. Does the individual have any severe impairments?

    3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

    4. Does the individual have any impairments which prevent past relevant work?

    5. Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits. A positive finding at step three results in approval of the application for benefits. At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work. If the claimant carries this burden, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy. Chester v. Bowen, 792 F.2d 129, 131 (1986). If the Commissioner carries this burden, the claimant must prove that he or she cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 11th Cir. 1987).

Having established the applicable standard of review of Plaintiff's social security appeal, the Court turns to its discussion of each of Plaintiff's objections on which she bases her request for the Court's reversal of the Commissioner's decision and remand to the Commissioner.

## II.   Plaintiff's Objections

Plaintiff is appealing the denial of social security disability benefits based on a finding that Plaintiff did not have a disability as defined by the Social Security Act by an Administrative Law Judge ("ALJ"). (Doc. 10 at 16-17). To date, Plaintiff's claims have been through several procedural stages and the Commissioner has previously conducted two hearings on Plaintiff's application on January 11, 2007 and June 23, 2008. (*See* Doc. 10 at 641-673, 674-700).

Following the January 11, 2007 hearing, an unfavorable ruling was made on Plaintiff's application by an ALJ.  Shortly thereafter, on November 21, 2007, the Appeals Council vacated the ALJ's decision and remanded Plaintiff's case for a new hearing, which was held in June 2008.  Plaintiff's claim was ultimately denied on January 8, 2010.  (Doc. 10 at 9-11).

The ALJ found that that Plaintiff has "severe" impairments of anxiety disorder, depressive disorder, and hypothyroidism.  (Doc. 10 at 9-11).  Although these are serious medical conditions, the ALJ found that Plaintiff's impairments did not equal or meet the standards entitling Plaintiff to Social Security benefits under the Social Security Act.  (Id.)   Plaintiff objects to the ALJ's findings, as discussed herein, and argues that there is sufficient evidence on the record to merit a finding that she is entitled to benefits.  (Doc. 19).  In Response, the Commissioner asserts that the ALJ's findings are based firmly on the record and the findings are proper based on the evidence therein.  (Doc. 20).

      **a.  Objection 1:  The ALJ erroneously ignored the known relationship between Plaintiff's diagnoses of a thalamus infarction and her impairments.**

Plaintiff objects to the Magistrate Judge's Report and Recommendation (Doc. 18) to the extent that it recommends adopting the ALJ's finding that Plaintiff's diagnosis of a thalamus infarction did not support a functional limitation.  (Doc. 19).  According to Plaintiff, the ALJ ignored the fact that thalamus infarctions have been associated with panic disorder and are known to cause memory disorders.  (Id.)  Plaintiff asserts that the ALJ was unaware thalamus infarctions are known to cause memory problems consistent with those reported by Plaintiff and her treating doctors, Drs. Ahmed and Register.  (Id.)  Plaintiff contends that the ALJ had "no good cause" to reject the opinions of Drs. Register and Ahmed which independently describe Plaintiff as lacking the mental abilities to sustain work on a regular and continuing basis.  (Id.)  Additionally, Plaintiff states that the ALJ erroneously relied on the GAF (Global Assessment of

4

Function) examination which is not endorsed by the Commission for use in Social Security disability evaluations. (Id.) Finally, Plaintiff argues that the ALJ did not analyze the thalamus infarction in light of the evidence and that the Magistrate Judge also failed to consider the relevant evidence in recommending that the ALJ's decision be affirmed. (Id.) Thus, in Plaintiff's terms, the ALJ's conclusion and the Magistrate Judge's Report and Recommendation amount to "psuedomedical guesswork." (Id.)

In response, the Commissioner states that the Plaintiff failed to answer the most relevant question in the instant analysis, which requires that the ALJ determine the extent to which Plaintiff's impairment affects her ability to work. (Doc. 20). Moreover, the Commissioner and the Magistrate Judge found that Plaintiff failed to show that her impairments, specifically her thalamus infarction, is associated with her panic disorder and memory loss problems in a manner that prevents her from working within a range of medium work. (Id.) To this end, the ALJ found that the evidence on the record actually undermined Plaintiff's credibility on this point. (Docs. 18 and 20).

As the Magistrate Judge emphasized in his Report and Recommendation, the ALJ specifically made a finding that Plaintiff's credibility undermined her arguments regarding the relationship between her impairments and the thalamus infarction. (Doc. 18); Miles v. Chater, 84 F.3d 1397 (11th Cir. 1997) ("we must defer to the Commissioner's decision if it is supported by substantial evidence."). Specifically, the ALJ found that Plaintiff's statements concerning the "intensity, persistence, and limiting effects of her medical symptoms [were] not entirely credible [and were] not substantiated by objective medical evidence." (Doc. 18) (quoting Doc. 10 at 28); see Taylor v. Commissioner of Social Sec. Admin., 213 Fed. Appx. 778, 779 (11th Cir. 2006) ("[c]redibility determinations are for the Commisioner, not the Courts."). Based on this finding,

5

among other things, the Magistrate Judge found that the ALJ applied the correct legal standard and there was sufficient evidence in the record to find that the ALJ properly evaluated the effects of all her impairments in combination, with specific reference to the thalamus infarction.

Having reviewed the record the Court finds that there was sufficient evidence in support of the ALJ's finding that Plaintiff's condition was not as severe as she alleged.[2] Also, the Court notes that the ALJ"s findings were not solely based on his assessment of the above referenced thalamus infarction, but taken together with the other evidence in deciding her claim, as permitted by the regulations and Eleventh Circuit case law. *See* 20 C.F.R. §§ 404.1527(d)(4), 404.1529(c)(3)(iv), 416.927(d)(4), 404.929(c)(3)(iv); Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003). For these reasons, the Court rejects Plaintiff's arguments as stated in her Objection to the Magistrate Judge's Recommendation to the extent it recommends affirming the ALJ's findings regarding the evaluation of the relationship between the thamalus infarction and the disabling impairment. Further, the Court agrees with the Magistrate Judge's Recommendation. (*See* Doc. 19). In sum, Plaintiff's objection is **OVERRULED**.

> b. **Objection 2: The ALJ erroneously rejected the opinions of Plaintiff's treating doctors.**

Plaintiff objects to the Magistrate Judge's Report and Recommendation (Doc. 18) to the extent that it recommends adopting the ALJ's finding rejecting the opinions of Plaintiff's treating physicians, Drs. Register and Ahmed. (Docs. 18, 19, and 20). Plaintiff asserts that the ALJ did not have good cause to reject the two treating physicians' opinions as proffered by Plaintiff in support of her application for disability benefits. (Id.) Plaintiff argues that instead of properly

---

[2] A "substantial evidence" standard does not permit a court to uphold the Commissioner's decision by referring only to those parts of the record which support the ALJ. A reviewing court must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ. Tieniber v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983).

6

weighing the treating physicians' opinions, the ALJ inserted findings that constitute "his own contrary interpretation of medical evidence –" which is not permissible as part of an ALJ's analysis. (Id.) The ALJ found that the treating physicians' opinions were not supported by "objective" evidence. (Doc. 10 at 18-32). Regarding this, Plaintiff states that the ALJ's method was erroneous because he, in essence, required objective evidence of subjective symptoms, which are incapable of objective measurement. (Doc. 15). In support of this contention, Plaintiff shows the Court that no medical doctors in this case agree with the ALJ findings, with the exception of the non-examining consultant. (Id.)

The Social Security regulations provide guidelines for the ALJ to use when evaluating medical opinion evidence. *See* 20 C.F.R. § 404.1527. The ALJ considers many factors when weighing such evidence, including the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record, and the area of a doctor's specialization. Id. § 404.1527(d). Generally, the medical opinions of professionals who provided treatment are given more weight than the opinions of those who only examined a claimant because "[treating] sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)." Id. § 404.1527(d)(2).

The ALJ provided specific reasons for discounting the opinions of Drs. Register and Ahmed. (*See* Doc. 10 at 18-32). For example, the ALJ found that the physicians' notes did not support their ultimate conclusions that Plaintiff was disabled; instead the ALJ found these notes were simply recitations of Plaintiff's complaints and contentions. (Id.) Additionally, the ALJ also found that the treatment notes of Dr. Register contradicted his ultimate diagnoses based on the record before the Court and wholly failed to mention several of Plaintiff's alleged

impairments.  (Id.)  Based on these findings, among others, the Magistrate Judge found that the ALJ properly gave the state agency consultant's opinion more weight than that of the treating physicians. (Doc. 19).  Here, the state agency consultant found that even with Plaintiff's medical history, Plaintiff was neurologically "intact" and could perform medium work despite her limitations associated with her medical conditions. (*See* Docs. 10 at 18-32, 19).

In light of the applicable law, the ALJ was entitled to consider and weigh the conflicting opinions in a manner consistent with the record.  20 C.F.R. §§ 404.1527(d).  Concerning this, the ALJ found that the contrasting opinions should be construed to reach a conclusion that Plaintiff was not disabled within the meaning of the statute.  (Id.)  The ALJ's decision was based on Plaintiff's evidence as a whole and in the context of the current analysis.  When considered in this manner, the opinions of Drs. Register and Ahmed could not overcome the contradictory evidence before the court. (Id.)  It is well established that the fact finder may have "good cause" to afford less weight to a treating physician's opinion where the opinion was conclusory or inconsistent with the physician's own medical records or where the evidence supported a contrary finding.  Anderson v. Commissioner Social Sec. Admin., 2011 WL 4435569, 1 at *1 (11th Cir. September 26, 2011).  Here, the ALJ has articulated specific reasons for failing to give the opinion of the treating physician controlling weight, and those reasons are supported by substantial evidence; thus, the Court will not disturb the ALJ's decision.  *See* Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005).  For these reasons, the Court finds no merit in Plaintiff's arguments as stated in her Objection to the Magistrate Judge's Recommendation.  (Docs. 18 and 19).  Further, the Court agrees with the Magistrate Judge's Recommendation.  In sum, Plaintiff's objection is **OVERRULED**.

    **c.** **Objection 3: The ALJ erroneously required objective evidence of Plaintiff's subjective symptoms.**

Plaintiff objects to the Magistrate Judge's Report and Recommendation (Doc. 18) to the extent it recommends affirming the findings of the ALJ regarding whether or not Plaintiff's symptoms were "entirely credible and [. . .] substantiated by objective medical evidence." (Docs. 10 at 18-32, 19). Plaintiff argues that the ALJ may not require objective evidence of subjective symptoms and that the ALJ's erroneous methodology constitutes a refusal to apply the controlling legal standard. (Doc. 19). To this end, Plaintiff argues that the ALJ did not "*really* rely on the objective medical evidence." (Id.) (emphasis in original). As discussed above at § II.a, credibility determinations rest within the purview of the ALJ and "if an ALJ offers clear, cogent reasons for the credibility determinations made, then no reversible error in discounting the claimant's subjective complaints of pain has occurred." Petteway v. Comm'r of Soc. Sec., 353 Fed. Appx. 287, 289 (11th Cir. 2009) (citations omitted).

The Court finds Plaintiff's arguments regarding the ALJ's alleged errors in credibility determinations lacking. The ALJ clearly qualified his statements regarding the basis for his determination that Plaintiff's symptoms were not substantiated by evidence on the record. Plaintiff asserts that the ALJ's reliance on facts such as Plaintiff's daily activities on this very point support a finding by this Court that the ALJ's determinations do not rely on evidence properly before the Court. The Court must reject this argument because the Eleventh Circuit has upheld the consideration of daily activities as rising to the level of substantial evidence in affirming the Commissioner's decision and such reliance is not erroneous. See Lanier v. Comm'r of Soc. Sec., 252 Fed. Appx. 311, 314 (11th Cir.2007).

The Court finds the record provides substantial evidence for the ALJ's pain standard and credibility findings. Consequently, there is no error in the ALJ's standard or credibility determination insofar as he found a lack of objective medical evidence to support the claim, then in turn reviewed Plaintiff's subjective testimony, and gave explicit explanation as to why he did not find it credible. For these reasons, the Court rejects Plaintiff's arguments as stated in her Objection to the Magistrate Judge's Recommendation to the extent they recommend affirming the ALJ's findings regarding the pain standard and credibility findings. Further, the Court agrees with the Magistrate Judge's Recommendation. (*See* Doc. 19). In sum, Plaintiff's objection is **OVERRULED**.

### d. Objection 4: The ALJ erroneously rendered an incomplete hypothetical to the Vocation Expert.

Plaintiff objects to the Magistrate Judge's Report and Recommendation (Doc. 18) to the extent it recommends affirming the ALJ's findings where the ALJ relied on an alleged erroneous and incomplete hypothetical posed to the Vocational Expert. (Doc. 19). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). One manner of determining this is for the ALJ to ask a Vocational Expert hypothetical questions to establish whether someone with the limitations that the ALJ has previously determined that the claimant suffers from will be able to secure employment in the national economy. *See* Phillips v. Barnhart, 357 F.3d 1232, 1232 (11th Cir. 2004). In order for a Vocational Expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments. Id. However, the ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported.

Crawford v.. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004). When medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180–81 (11th Cir. 2011).

Plaintiff argues that the ALJ failed to meet the standards for hypothetical questions under the applicable law because his hypothetical did not provide Plaintiff's specific functional limitations to the Vocational Expert. (Doc. 19). Put another way, Plaintiff asserts that because Plaintiff's vocational limitations were not addressed specifically by the Vocational Expert in response to ALJ's hypothetical, the ALJ failed to meet his burden and his findings are erroneous. (Id.) Plaintiff also argues that the ALJ failed to undertake the next logical step based on the hypothetical where he should have considered how Plaintiff's pain "translates into a functional limitation." (Id.) Plaintiff's argument, while persuasive, overlooks the fact that the ALJ found no significant functional limitations caused by Plaintiff's pain and the law does not require the ALJ to include in his hypothetical question any unsupported allegations or accept the Vocational Expert's testimony in response to hypothetical questions that included Plaintiff's unsupported allegations. See Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180–81 (11th Cir. 2011).

Having reviewed the record and the findings of the ALJ and the Magistrate Judge herein, the Court notes that Plaintiff has a GED and took some technical school classes, worked previously as a deputy court clerk, office manager, office clerk, receptionist, mobile home salesperson, waitress, and as the owner of a home day care center. (Doc. 10 at 18-32). The Court also notes that the Vocational Expert testified that although Plaintiff could do none of her past jobs, she could do several others. (Id.) The ALJ found that Plaintiff's medium level

11

exertion restrictions would allow her to perform several jobs; including a counter supply worker, office helper, cafeteria attendant, mail clerk, surveillance system monitor, file clerk and a linen room attendant.  (*See* Docs. 10 at 18-32, 18, 19, and 20); *see also* 20 C.F.R. §§ 404.1520(a)(4) and (g), 416.920(a)(4) and (g).  Contrary to Plaintiff's contention, the ALJ specifically noted that Plaintiff had medical impairments, evaluated her remaining abilities, and made a finding consistent with the vocational and medical opinions on the record.  *See* Syed v. Commissioner of Social Security, 2011 WL 4425309, *1, at *2 (September 22, 2011, 11th Cir.) ("although the hypothetical question posed by the ALJ to the Vocational Expert did not expressly include [Plaintiff's] impairments, it implicitly accounted for them, and thus, was not improper.").  For these reasons, the Court rejects Plaintiff's arguments as stated in her Objection to the Magistrate Judge's Recommendation to the extent it recommends affirming the ALJ's findings based on the incomplete hypothetical. Further, the Court agrees with the Magistrate Judge's Recommendation.  (*See* Doc. 19).  In sum, Plaintiff's objection is **OVERRULED**.

## CONCLUSION

In consideration of the above discussion, the objections set forth in Plaintiff's Objection (Doc. 19) are **OVERRULED** and United States Magistrate Judge Langstaff's September 2, 2011 Report and Recommendation (Doc. 18) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly, the Social Security Commissioner's final decision is **AFFIRMED**.

**SO ORDERED**, this  30th  day of September 2011.

/s/ W. Louis Sands  
**THE HONORABLE W. LOUIS SANDS,**  
**UNITED STATES DISTRICT COURT**